# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BRITTON (#B-62376), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 11180 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| TARRY WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues Defendants for their alleged violations of 42 U.S.C. § 1983, based on allegedly unconstitutional conditions of confinement at Stateville Correctional Center. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss some of the claims against some of the Defendants. (Dkt. 30). For the reasons contained in this opinion and order, the motion is granted in part and denied in part.

## Facts

Plaintiff alleges that he was placed by Correctional Officer West in cell 228 of F House at Stateville Correctional Center on July 23, 2014. (Dkt. 6, p. 11.) He alleges that the cell smelled of mildew, there were pieces of brick on the floor, the ceiling was leaking, and there was black mold all over the walls and ceiling. (*Id.*) Plaintiff complained to Correctional Officer West who told him that the last inmate to inhabit the cell was almost electrocuted because of water running down the wall and into the electrical socket, and the cell had been "condemned". (*Id.*) Plaintiff also alleges that Lieutenant Brown and Sergeant Durrett were aware of the conditions on the cell but did nothing to assist him. (*Id.*) Plaintiff filed a grievance regarding the conditions in cell 228. (*Id*. at p. 12.)

Plaintiff was placed in cell 142 on April 20, 2015. (*Id*. at p. 14.) Plaintiff alleges that Defendants Brown, Durrett, and Correctional Officers Williams and Taylor (also Defendants) knowingly placed Plaintiff in cell 142, which was infested with insects and rodents, covered in mold, and had a broken window. (*Id*. at pp. 12-13.) The window in the cell had exposed, broken glass in it. (*Id*. at p. 15.)

On May 1, 2015, Plaintiff injured his left arm on the broken glass in the window of cell 142. (*Id*. at p. 16.) Plaintiff alleges that Defendant Montoya refused to provide him with medical assistance for his injury because he was leaving for the day and did not want to take the time to write an incident report. (*Id*.) Plaintiff and his cellmate shouted for assistance and Defendant Baker came to the cell, promising to call a nurse. (*Id*. at p. 18.) Plaintiff alleges that due to the injury he was feeling faint and began to lose consciousness. (*Id*.) Plaintiff alleges Baker informed Sergeant Warden of his injury but that that forty minutes later the shift changed and Baker never returned and Warden did nothing to assist him. (*Id*. at p. 19.) The next morning Plaintiff spoke to Defendant DeYoung to ask for medical assistance because he was in terrible pain. (*Id*. at p. 20.) Defendant DeYoung looked at Plaintiff's injury and instead of calling for medical assistance, continued with his morning count. (*Id*.) An hour passed before Defendant DeYoung returned to Plaintiff's cell with a med-tec. (*Id*.) The med-tech reported to Plaintiff that she had been in the building for some time but was only just told that he required assistance. (*Id*. at p. 21.) Plaintiff submitted a grievance about his injury, regarding the delay in medical treatment, and regarding the conditions in cell 142, including mold, mildew, and insect and rodent infestation. (*Id*.) Plaintiff asserts that the grievance was not answered for the entire six months he was in segregation in cell 142. (*Id*.)

Plaintiff alleges that on July 4, 2015, he was on the yard when he felt the need to relieve himself. (*Id*. at pp. 22-23.) The John Doe correctional officer told him to hold it. (*Id*.) Plaintiff alleges that denial of the use of a bathroom violated his rights. (*Id*.)

Plaintiff alleges he submitted more than ten grievances to Defendant Warden Tarry Williams regarding the untenable conditions of confinement in F House at Stateville. (*Id*. at p. 26.) Plaintiff also alleges he wrote a grievance to Defendant Warden Pfister on June 26, 2016, regarding the conditions of confinement in F House, including insect and rodent infestation, birds and bird feces, and mold, but Warden Pfister did nothing to assist him. (*Id*. at pp. 28-33.) Plaintiff alleges that Defendant John Baldwin, Acting Director of the Illinois Department of Corrections is aware of the deplorable conditions in F House at Stateville but does nothing to remediate the conditions. (*Id.* at pp. 47-48.)

On June 27, 2016, Plaintiff complained of not being able to sleep and of feeling something moving in his right ear. (*Id*. at p. 34.) Plaintiff was taken to the healthcare unit where a nurse poured peroxide and pumped water in his ear. (*Id*.) Plaintiff alleges that three cockroaches were removed from his ear. (*Id*. at p. 35.)

## **Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (ellipsis

omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (*quoting Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). Courts construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Defendants make multiple arguments that various Defendants and claims should be dismissed. For the reasons contained in this order, the Court grants in part and denies in part the motion to dismiss.

### A. Plaintiff's claims as pleaded are not time-barred.

Defendants argue that Plaintiff's claim against Defendant West is time-barred because he placed Plaintiff in cell 228 in F House on July 23, 2014, more than two years before Plaintiff filed suit. They also argue that Plaintiff's claims regarding the conditions of confinement in cell 142 are time-barred. "Section 1983 claims in Illinois are [] governed by a two-year limitations

4

period." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *see also Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (explaining that because "Section 1983 does not contain an express statute of limitations . . . a federal court must adopt the forum state's statute of limitations for personal injury claims," which "in Illinois is two years as set forth in 735 ILCS 5/13-202"). However, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001) (emphasis original; certain parenthetical comments omitted); *Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002).

Although Plaintiff pleads that he was placed in cell 228 on July 23, 2014, which is outside of the statute of limitations, it is unclear from the complaint how long he was held there. Additionally, he pleads he filed grievances about the conditions in the cell and attaches a communication from the administrative review board dated October 7, 2014, indicating that the grievance had not been resolved at that point. (Dkt. 6, p. 57.) Plaintiff's complaint is dated November 13, 2016, and the Court received it on December 7, 2016. "A district court's dismissal on statute-of-limitations grounds constitutes dismissal for failure to state a claim pursuant to Federal Rule 12(b)(6) if the claim is indisputably time-barred." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (internal quotations omitted). While the statute of limitations is an affirmative defense, a plaintiff who "pleads facts that show his suit is time-barred or otherwise without merit . . . has pleaded himself out of court." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993). While the claim against Defendant West may be time-barred, it is not "indisputable" based on Plaintiff's pleading and the law governing tolling while the

5

exhaustion process is ongoing.[1] Thus, the Court cannot conclude at this point that Plaintiff's claim against Defendant West is time-barred.

With respect to Plaintiff's conditions of confinement claim regarding the time he spent in cell 142, Plaintiff pleads that he was placed in the cell on April 20, 2015 (Dkt 6, p. 14), that the conditions were ongoing, and that he complained to the Defendants repeatedly that he was being subjected to unconstitutional conditions of confinement. Based on the date pleaded, Plaintiff's claim regarding the conditions of confinement he endured in cell 142 are clearly timely.

### B. Plaintiff has stated a claim against Defendants Pfister, Baldwin, Durrett and Brown.

Defendants argue that Plaintiff has insufficiently pleaded personal involvement on behalf of Defendants Baldwin (acting IDOC Director) and Pfister (Stateville Warden). They further argue that Plaintiff has failed to state a conditions of confinement claim against Defendants Durrett and Brown. In order to state a claim for unconstitutional conditions of confinement, Plaintiff must allege that (1) there was an objectively serious deprivation "result[ing] in the denial of the minimal civilized measure of life's necessities," and (2) the defendant prison officials were "deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted)). Deliberate indifference to an unconstitutional prison condition may be found where an official knows about the condition and "facilitates, approves, condones, or turn[s] a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015) (internal quotation

---

[1] The Court notes that Plaintiff concedes that Defendant West should be dismissed from the complaint in his response to the motion to dismiss (Dkt. 32, p. 2.) However, according to the complaint and supporting materials, the claim against Defendant West is not "indisputably" time-barred. Thus, upon receipt of this order, Plaintiff should confirm to the Court whether he wishes to proceed on his claim against Defendant West by the date stated below.

marks omitted).

A plaintiff bringing a § 1983 claim against a defendant in his individual capacity "may not rely on a theory of *respondeat superior*" to establish culpability and "must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Id*. at 781. In evaluating a deliberate indifference claim under Rule 12(b)(6), "the personal involvement of senior [prison] officials, such as [Baldwin and Pfister], can be inferred [when] . . . the plaintiff alleges 'potentially systemic,' as opposed to 'clearly localized,' constitutional violations." *Smith v. Dart*, 803 F.3d 304, 309 n.2 (7th Cir. 2015) (*quoting Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996)).

Although no bright-line test determines when a condition is "potentially systemic" rather than "clearly localized" for purposes of deciding a motion to dismiss, precedent provides guidance on this issue. For instance, the Seventh Circuit has indicated that allegations of pest infestations may be sufficient to state a claim based on systemic conditions, because such conditions are unlikely to affect only one inmate in isolation. *See Antonelli*, 81 F.3d at 1427-29; *Smith*, 803 F.3d at 312-13. District courts have applied similar logic in concluding that inadequate access to toilet facilities and inadequate heating should be treated as "potentially systemic" conditions at the motion to dismiss stage. *See, e.g., Moghaddam v. Godinez*, No. 14 C 7275, 2015 U.S. Dist. LEXIS 6992, 2015 WL 300468, at *2 (N.D. Ill. Jan. 15, 2015); *Lieberman v. Budz*, No. 00 C 5662, 2010 U.S. Dist. LEXIS 8068, 2010 WL 369614, at *7 (N.D. Ill. Jan. 28, 2010). In still other decisions, courts have inferred the existence of systemic conditions based upon allegations of generally unsanitary conditions, *Burton v. Dart*, No. 14 C 10297, 2015 U.S. Dist. LEXIS 118107, 2015 WL 5175143, at *3 (N.D. Ill. Sept. 3, 2015).

Plaintiff pleads in various places in his complaint that he was subjected to insect and rodent infestation, birds and bird feces, mold, mildew, a broken window with jagged glass sticking out, leaky ceilings and walls, in multiple cells in F House between 2014 and 2016. He further pleads that he complained to Defendants Durrett and Brown about his issues with the conditions of his confinement and they did nothing to assist him. It is clear to the Court that Plaintiff has adequately pleaded a conditions of confinement claim against Defendants Durrett and Brown. Additionally, Plaintiff has stated a claim against Defendants Baldwin and Pfister as administrators because the conditions were "potentially systemic." Further, courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). In its initial review order of January 13, 2017 (Dkt. 5), the Court, citing *Antonelli*, found that the conditions pleaded were clearly systemic and that Pfister and Baldwin were proper Defendants. Having already addressed this on initial review, the Court denies Defendants' motion to dismiss Baldwin, Pfister, Durrett, and Brown.

### C. Defendants Durrett and Brown's motion to dismiss any claim for deliberate indifference to a serious medical condition is granted.

Defendants next argue that Plaintiff's claim against Defendants Durrett and Brown for deliberate indifference to a serious medical condition should be dismissed. Prison officials and employees violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on a claim of deliberate indifference, a plaintiff must satisfy both a subjective and an objective component. The objective component requires the prisoner to demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer

8

*v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

In its initial review order of January 13, 2017, the Court found that Plaintiff had stated a conditions of confinement claim against Defendants Durrett and Brown, but that in terms of any deliberate indifference to a serious medical condition, Plaintiff had stated a claim only as to Defendants Montoya, Baker, Warden, and DeYoung. (Dkt 5). In his complaint, Plaintiff alleges "deliberate indifference" on behalf of Defendants Durrett and Brown with respect to the broken glass in the window of his cell because he told them of the problem and they "had the authority to move Plaintiff but turned a blind eye." (Dkt 6, p. 44.) The Court construed this as part of Plaintiff's conditions of confinement claim. In the Court's reading of the complaint, Plaintiff makes no mention of Defendants Durrett or Brown in regard to the incident in which he had cockroaches removed from his ear.

In short, in its initial review the Court did not find a deliberate indifference to serious medical condition claim against Defendants Durrett and Brown. In reviewing the pleadings to decide this motion, the Court does not construe the complaint to state such a claim against these Defendants. To the extent Plaintiff intended to assert such a claim against Defendants Durrett and Brown, he has failed to state sufficient facts to make a plausible claim against them for deliberate indifference to a serious medical condition. Defendants' motion is granted as to any perceived medical deliberate indifference claim against Defendants Durrett and Brown.

### D. Plaintiff's claim for money damages on any official capacity claims is dismissed.

Defendants' final argument is that any claim for monetary relief should be stricken because Plaintiff cannot collect money damages on a claim against them in their official capacities. "An official capacity claim against an individual defendant constitutes a claim against the government entity itself." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). A suit against any Defendant in his official capacity, therefore, is effectively a suit against the state of Illinois. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907-908 (7th Cir. 1991); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). Plaintiff may seek injunctive relief based on an official-capacity claim if he alleges that the governmental entity's policy or custom "played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Will*, 491 U.S. at 71 n.10.

As discussed throughout this order, Plaintiff has stated individual capacity claims against Defendants West (provided he has not conceded the untimeliness of this claim), Durrett, Brown, Baldwin, and Pfister. Accordingly, should he win a judgment against them on those claims, money damages would be available to him. To the extent the complaint can be construed as seeking money damages against these Defendants in their official capacities, plaintiff's allegations are not sufficient to state that sort of claim, and the motion is granted.

## Conclusion

For the reasons set forth in this opinion and order, the Court grants in part and denies in part the motion to dismiss (Dkt. 30.) Plaintiff shall file a brief, one-page notice to confirm to the Court whether he concedes that the claims against Defendant West should be dismissed, or whether he intends to pursue his claim against Defendant West, by November 1, 2017. Defendants West, Durrett, Brown, Baldwin, and Pfister shall file their answer by November 1, 2017.

**SO ORDERED.**

                 **ENTERED: October 4, 2017**

                 _____
                 **HON. JORGE ALONSO**
                 **United States District Judge**